

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Harold Beck, Chairman
Senate Committee on Constitutional Amendment
The Senate
Austin, Texas

Dear Sir:

Opinion No. O-3386
Re: Whether Senate Joint
Resolution No. 4, as amended
by committee substitute No.
1, if submitted by the Legis-
lature and adopted by the
people, would in any way
prevent the continuance of
the distribution of free
school books to the children
of Texas.

We have your letter of April 7, 1941, in which you ask our opinion upon the following question:

"If S. J. R. No. 4 as amended by committee substitute No. 1 is submitted by the Legislature and adopted by the people, would it in any way prevent the continuance of the distribution of free school books to the children of Texas?

Committee substitute No. 1 to Senate Joint Resolution No. 4 would amend Article VII, Section 5 of the Constitution of the State of Texas, to read as follows:

"Sec. 5. The principal of all bonds and other funds, and the principal arising from the sale of the lands hereinbefore set apart to said school fund, shall be the permanent school fund, and all the interest derivable therefrom and the taxes herein authorized and levied shall be the available school fund, to which the Legislature may add not exceeding one per cent annually of the total value of the permanent school fund, such value to be ascertained by

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the Board of Education until otherwise provided by
law, and the available school fund shall be applied
annually to the support of the public free schools.
And no law shall ever be enacted appropriating any
part of the permanent or available school fund to
any other purpose whatever nor shall the same, or
any part thereof ever be appropriated to or used for
the support of any sectarian school, provided that
the State Board of Education may furnish state adopted
text books free to every child of scholastic age, at-
tending any school within the state upon the election
of the parent or guardian of such child to use such
books; and the available school fund herein provided
shall be distributed to the several counties according
to their scholastic population and applied in such
manner as may be provided by law." (Emphasis ours)

Article VII, Section 5 of the Constitution of the State
of Texas, is identical with the provisions quoted above from the
committee substitute for Senate Joint Resolution No. 4, except
that the committee substitute adds to Article VII, Section 5, the
words which are underlined in the above quotation.

The Constitution of the State of Texas at present provides
for the use of the Available School Fund to provide free textbooks
only for the use of children attending the public free schools of
this State.  Article VII, Section 3, of the Constitution of the
State of Texas, contains the following provision relating to free
textbooks:

"Sec. 3.  One-fourth of the revenue derived from
the State occupation taxes and poll tax of one dollar
on every inhabitant of the State, between the ages of
twenty-one and sixty years, shall be set apart annually
for the benefit of the public free schools; and in ad-
dition thereto, there shall be levied and collected an
annual ad valorem State tax of such an amount not to
exceed thirty-five cents on the one hundred ($100.00)
dollars valuation, as with the available school fund
arising from all other sources, will be sufficient to
maintain and support the public schools of this state
for a period of not less than six months in each year,
and it shall be the duty of the State Board of Education

Honorable E. Harold Beck, page 3

to set aside a sufficient amount out of the said
tax to provide free text books for the use of chil-
dren attending the public free schools in this State;
provided, however, that should the limit of taxation
herein named be insufficient the deficit may be met
by appropriation from the general funds of the State
* * **

We also direct your attention to Article I, Sections 6
and 7 of the Constitution of the State of Texas, which read as
follows:

"Sec. 6. All men have a natural and indefeasible
right to worship Almighty God according to the dictates
of their own consciences. No man shall be compelled to
attend, erect or support any place of worship, or to
maintain any ministry against his consent. No human
authority ought, in any case whatever, to control or
interfere with the rights of conscience in matters of
religion, and no preference shall ever be given by law
to any religious society or mode of worship. But it
shall be the duty of the Legislature to pass such laws
as may be necessary to protect equally every religious
denomination in the peaceable enjoyment of its own mode
of public worship."

"Sec. 7. No money shall be appropriated, or drawn
from the Treasury for the benefit of any sect, or re-
ligious society, theological or religious seminary;
nor shall property belonging to the State be appropria-
ted for any such purposes."

If Senate Joint Resolution No. 4, as amended by committee
substitute No. 1 is submitted by the Legislature and adopted by the
people, Article VII, Section 5, of the Constitution, would then
read as quoted above. It would then be the duty of the courts to
construe all sections of the Constitution, if possible, so that all
parts thereof may be given effect. City of San Antonio v. Toepperwein,
104 Tex. 43, 133 S. W. 416; Cordova v. State, 6 Tex. App. 207;

9 Tex. Jurisprudence, 434.

There is no necessary legal inconsistency between providing free textbooks to children attending the public free schools of the State of Texas and also providing free textbooks to the children attending sectarian schools. We are therefore of the opinion that the portions of the Constitution providing for free textbooks for children attending the public free schools would not be impaired by the adoption of the amendment to Article VII, Section 5, of the State Constitution, as proposed by committee substitute No. 1 to Senate Joint Resolution No. 4, and that the submission and adoption of such amendment would not legally prevent the continuance of the distribution of free school books to the children attending the public free schools.

In this opinion, as in all other opinions of this department, we are passing only on the legal questions presented and not upon any matters of policy which may be involved.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
Assistant

APPROVED MAY 7 1942

FIRST ASSISTANT
ATTORNEY GENERAL

JPH:EP

